UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIANO MARQUEZ-HUAZO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI-HERLONG,[1]<br><br>　　　　Respondent. | No. 2:21-cv-1540 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a federal prisoner, proceeds pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Respondent's motion to dismiss and renewed motion for appointment of counsel is before the court.

　　　　As set forth below, the undersigned recommends that respondent's motion to dismiss be granted, and petitioner's motion for appointment of counsel is denied.

////

////

---

[1] As noted by respondent's counsel, petitioner failed to name a respondent in either the original or the amended petition. However, the proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian, and the court may substitute the proper respondent where an improper respondent is named. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). In petitioner's supplemental memorandum, petitioner named the United States of America as respondent. (ECF No. 5.) Therefore, the court substitutes the Warden of FCI-Herlong as respondent in this matter, and directs the Clerk of the Court to interlineate the Warden of FCI-Herlong as respondent in the amended petition. Fed. R. Civ. P. 25(d); see Brittingham, 982 F.2d at 379.

I. Background

On April 9, 2008, in the United States District Court for the District of Idaho, petitioner was charged with conspiracy to distribute 500 grams or more of methamphetamine, attempted distribution of 500 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime.[2] United States v. Marquez-Huazo, No. 1:07-cr-0271 EJL (D. Idaho) (hereafter "No. 1:07-cr-0271 EJL") (ECF No. 87) (superseding indictment).[3] During the jury trial, petitioner moved for a judgment of acquittal as to the firearm offense, which the district court denied. Id. (ECF No. 120).

The jury found petitioner guilty of all charged offenses. Id. (ECF No. 127.) Before and during sentencing, petitioner objected to the U.S.S.G. drug quantity calculations. No. 1:07-cr-0271 EJL (ECF No. 195). The district judge denied petitioner's objections. Id. (ECF No. 195 at 16) ("It seems to me that this particular person is a major drug dealer. There is enough testimony that he supplied massive amounts of quantities of meth. I tried to limit the amounts in order to try to get something that would try to get me out of relying on anything which was beyond what I could look at, and the best I could come up with is the 16.69 kilograms. And, therefore, I believe the base offense is properly calculated to 38, denying the objection.").

On August 11, 2008, petitioner was sentenced to 334 months in federal prison for the drug offenses plus 60 months for the firearm offense, to be served consecutively, for a total prison term of 394 months. Id. (ECF Nos. 155, 195.)

Petitioner appealed the denial of his motion for acquittal on the possession of a firearm in furtherance charge and the district court's estimation of the methamphetamine quantity used to calculate petitioner's sentence. On June 23, 2009, the United States Court of Appeals for the Ninth Circuit affirmed petitioner's convictions and sentence in a reasoned decision. Id. (ECF No. 213.) The appellate court held "that the district court did not err by denying Marquez-Huazo's

---

[2] Petitioner was also charged with two related forfeiture counts, and petitioner stipulated to the forfeiture of vehicles and firearm. Id. (ECF No. 195 at 6.)

[3] The docket sheet for petitioner's criminal case no. 1:07-cr-0271 EJL is at ECF No. 11-1.

motion for acquittal because a rational trier of fact could have found a nexus between the gun discovered and the underlying offense." Id. (ECF No. 213 at 2 (internal quotation and citation omitted).)  The Ninth Circuit further held "that the district court did not clearly err in determining that Marquez-Huazo's drug crimes involved 16.69 kilograms of methamphetamine, yielding a base offense level of 38 under the Guidelines." Id. (ECF No. 213 at 3.)

Petitioner filed a petition for panel rehearing, which was denied on July 22, 2009. Id. (ECF No. 214.)

Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 29, 2010. Id. (ECF No. 222.)

On November 21, 2011, petitioner filed a motion to vacate under 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel related to the drug quantity calculation and the denial of the motion to dismiss the firearms charge.  No. 1:07-cr-0271 EJL (ECF No. 223).  Following an evidentiary hearing, the motion to vacate was denied on February 16, 2016. Id. (ECF No. 232.)

On March 15, 2016, counsel for both parties filed a joint motion to reduce petitioner's sentence pursuant to 18 U.S.C. § 3582(C)(2), based on U.S.S.G. Amendment 782, which retroactively reduced by two levels the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1.  No. 1:07-cr-0271 EJL (ECF No. 234).  On March 16, 2016, the Idaho district court reduced petitioner's sentence from 394 months to 328 months. Id. (ECF No. 235.)

On October 27, 2017, petitioner filed a document styled, "Petition for Relief Pursuant to Fed. R. Civ. P. 60(b)."  No. 1:07-cr-0271 EJL (ECF No. 238).  The filing was construed as a successive § 2255 motion and denied; the district court declined to issue a certificate of appealability.  No. 1:07-cr-0271 EJL (ECF No. 241.)

On October 25, 2021, petitioner filed an amended § 2241 petition.  (ECF No. 8.)

II. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254

3

Cases.[4] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

III. The Instant Petition

Petitioner claims that the probation officer improperly calculated the drug quantity in the presentence report; the government improperly calculated the drug quantity at sentencing; conflicting statements during trial do not support the drug quantity calculated to sentence petitioner; and the government failed to show that petitioner's possession of the firearm was in furtherance of a drug trafficking crime. (ECF No. 8.) Petitioner asks the court to vacate his sentence and remand the case to the district court of Idaho for re-sentencing. (ECF No. 8 at 8.)

IV. Jurisdiction

Generally, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual

---

[4] Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion. See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

4

innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted). This is a narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the prisoner to show that his § 2255 remedies are inadequate or ineffective. See, e.g., Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. Therefore, actual innocence means factual innocence, not legal insufficiency. See Bousley, 523 U.S. at 623. The petitioner must introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he exhausted his direct appeal and first § 2255 motion. Harrison, 519 F.3d at 960.

Discussion

First, respondent asserts that petitioner fails to state a federal constitutional violation. Respondent is correct. Section 2241(c)(3) provides that :[t]he writ of habeas corpus shall not extend to a prisoner unless-- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). In the amended petition, petitioner identifies no violation of the Constitution or laws or treaties of the United States, identifying only alleged fact-based errors during trial and sentencing. Thus, respondent's motion to dismiss should be granted.

Second, as argued by respondent, because petitioner only challenges the validity of his sentence, and not the execution of his sentence, petitioner must present such claims to the sentencing court. Stephens, 464 F.3d at 897. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). Thus, this court lacks

////

jurisdiction over petitioner's claims unless he can demonstrate that he is eligible for consideration under the escape hatch provision in 28 U.S.C. § 2255(e).

As set forth above, petitioner must meet both prongs of the escape hatch: that he makes a claim of actual innocence as to his underlying conviction; and has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

Here, petitioner cannot demonstrate that he never had an unobstructed procedural shot at presenting his claims because petitioner challenged both issues -- the quantity of drugs and the use of firearm in furtherance of drug trafficking conviction -- both on direct appeal and in his § 2255 motion in the District of Idaho. No. 1:07-cr-0271 EJL (ECF Nos. 213, 223.) Petitioner does not establish that the legal basis for his claims did not arise until after he had exhausted his direct appeal and first § 2255 motion or that the law changed in any way relevant to his claim after his first §2255 motion. See Harrison, 519 F.3d at 960.

In his opposition, petitioner claims he did not have an unobstructed procedural shot at presenting his claims because "just like" in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), petitioner's claims did not become available until after his § 2255 motion was denied. (ECF No. 16 at 7.) Petitioner contends he did not timely receive court records and therefore could not make his arguments within the time frame required under the habeas statutes. However, such argument does not demonstrate that the legal basis for his claim did not arise until after the § 2255 motion was denied. Rather, petitioner's challenges remain the same: he contends the drug calculation was improperly inflated and that his possession of the firearm did not constitute possession in furtherance of a drug trafficking crime. Such challenges are all based on alleged factual disputes, not a change in the law. Contrary to petitioner's argument, Allen v. Ives is factually and legally distinguishable from petitioner's case. Allen was sentenced as a career offender in 1997 when the sentencing guidelines were mandatory. As the Ninth Circuit explained:

> Allen's claim of actual innocence is based on a retroactive change of law, which transformed his Connecticut marijuana conviction from a predicate crime into a non-predicate crime. In other words, Allen claims that his prior conviction is not a conviction for a predicate crime, that he is therefore actually innocent of a predicate crime, and

6

that he is thus actually innocent of the mandatory sentencing enhancement.

Allen, 950 F.3d at 1190. Allen was unable to have an unobstructed procedural shot at presenting his claim of actual innocence because such claim "was foreclosed by existing precedent at the time of his direct appeal and § 2255 motion." Allen, 950 F.3d at 1190. Here, no such precedent or retroactive change of law stood in petitioner's way.[5]

Because petitioner fails to establish that he did not have an unobstructed procedural shot at presenting the instant claims, this court need not reach the question of whether petitioner can demonstrate actual innocence. Muth, 575 F.3d at 819 ("[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements."); see also Smith v. Ciolli, 2021 WL 3140713, at *1 (E.D. Cal. July 26, 2021) (dismissing § 2241 petition for lack of jurisdiction because whether or not the prisoner's sentence was mandatory under a mandatory sentencing scheme, the prisoner failed to establish he was unable to present his claims either on direct appeal or in his first § 2255 motion).

Accordingly, petitioner fails to satisfy the escape hatch criteria of § 2255, and this court lacks jurisdiction over the § 2241 petition. Because petitioner has not been granted leave by the Court of Appeals to file a second or successive § 2255 motion, it would be futile to transfer the petition to the District Court of Idaho for consideration as a § 2255 motion.

V. Appointment of Counsel

Petitioner requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the above findings, the court does not find that the interests of justice would be served by the appointment of counsel.

---

[5] In his opposition, petitioner also argues that The First Step Act expanded the safety valve to include persons with up to 4 criminal history points and is retroactive, and thus supports petitioner's argument that he should be resentenced to a sentence below the mandatory minimum. (ECF No. 16 at 7-8.) Petitioner did not include a claim under The First Step Act in his petition.

7

VI. Conclusion

For all of the above reasons, respondent's motion to dismiss should be granted, and the motion for appointment of counsel is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case;

2. The Warden of FCI-Herlong is substituted as respondent in this action;

3. The Clerk of the Court is directed to interlineate the name "Warden of FCI-Herlong" as respondent in the amended petition (ECF No. 8 at 1); and

4. Petitioner's motion for appointment of counsel (ECF No. 16) is denied.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. The § 2241 petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2022

/marq1540.mtd.2241

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE