UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIANO MARQUEZ-HUAZO, | No. 2:21-cv-1540 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, FCI-HERLONG, | |
| Respondent. | |

Petitioner, a federal prisoner, proceeds pro se with an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Previously, on March 25, 2022, the undersigned recommended that respondent's motion to dismiss be granted. (ECF No. 17.) Petitioner filed objections; respondent did not file a reply. On April 26, 2022, during the pendency of the findings and recommendations, this action was reassigned to the undersigned upon consent of the parties. (ECF No. 22.)

The undersigned reviewed petitioner's objections. For the reasons set forth in the findings and recommendations, petitioner's objections are overruled. Contrary to petitioner's arguments, the record reflects that petitioner had an unobstructed procedural shot at presenting the instant claims, and therefore fails to satisfy the escape hatch criteria of § 2255. (ECF No. 17 at 6-7.)

////

////

1

The findings and recommendations are incorporated herein by reference.  (ECF No. 17.)  Respondent's motion to dismiss is granted for the reasons set forth therein, and the Clerk of the Court shall enter judgment accordingly.

### Motion to Strike

Subsequently, petitioner filed a motion to strike the respondent's motion to dismiss.  Petitioner argues, without citing any legal authorities in support, that because the United States Attorney's Office is not the Warden of FCI Herlong, such office cannot appear on the warden's behalf.  Petitioner is mistaken.  The U.S. Attorney's Office employs licensed attorneys who may represent the warden or the Bureau of Prisons.  Moreover, the U.S. Attorney's Office properly appeared on behalf of the warden by filing the motion to dismiss.  Petitioner's motion to strike is denied.

### Motion to Amend

Petitioner also moves to amend the instant petition to pursue claims under The First Step Act.  He argues that he erroneously failed to include such argument in his original or amended petitions but intended to raise it as "evidentiary rebuttal."  (ECF No. 19 at 2.)  As noted in the findings and recommendations, in his opposition to the motion to dismiss petitioner first argued that he should be resentenced under The First Step Act.  (ECF No. 17 at 7 n.5.)

*Governing Standards*

Rule 15 of the Federal Rules of Civil Procedure applies to requests to amend habeas corpus petitions.  See Mayle v. Felix, 545 U.S. 644, 655 (2005); In re Morris, 363 F.3d 891, 893 (9th Cir. 2004).  Under the circumstances presented here, Rule 15(a) allows petitioner to amend his pleading only with the Court's leave, which "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing

////

////

party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732.

*The First Step Act*

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The relevant portions of the First Step Act allow eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4). The Attorney General was allowed 210 days after the First Step Act was enacted to develop and publish the Risk Assessment Needs system, which the Bureau of Prisons ("BOP") must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General published the Risks and Needs Assessment on July 19, 2019. The BOP then had 180 days, or until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).

Thereafter BOP was given an additional two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2)(A-B). Moreover, during this "phase-in" period, the BOP was empowered to exercise its own discretion as to how and when to expand programs and activities, as well as offer the system's incentives and rewards as of the date of enactment of the First Step Act:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

§ 3621(h)(4) (emphasis added).

*Ripeness*

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of

the Interior, 538 U.S. 803, 808 (2003) (quoting Reno v. Cath. Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)).  It "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (citations omitted); Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010); see also Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) (evaluating ripeness in the context of a habeas petition, stating "[p]rudential ripeness is ... a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination ").

The majority of courts that have previously considered claims regarding the BOP's alleged failure to award earned time credits under the First Step Act have concluded that these claims are not ripe until January 15, 2022, when the BOP must "phase-in" the evidence-based recidivism programs and productive activities for all prisoners.  Khouanmany v. Gutierrez, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021) ("The majority of courts to have considered claims regarding the BOP's failure to award earned time credits under the First Step Act have concluded that such claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism reduction programs and productive activities for all prisoners.") (citing Novotny v. Yankton FPC, Warden, 2021 WL 3089287, at *1 (D. S.D. July 21, 2021) (inmates do not have standing to seek an order requiring the BOP to apply earned time credits toward prerelease custody before January 15, 2022); Diaz v. Warden, FCI-Ray Brook, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (challenge to BOP's calculation of earned time credit under the First Step Act was not ripe for review); Hand v. Barr, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) ("because the Act does not require BOP to provide evidence-based recidivism reduction programs and productive activities for all prisoners until January 2022, the Court finds that petitioner's claims regarding earned time credits and evidence-based recidivism reduction programs are not ripe"), findings and recommendation adopted by 2021 WL 1853295, at *2 (E.D. Cal. May 10, 2021) (given that the regulations governing the First Step Act time

credits have yet to be codified, the court agreed that the petitioner's claims regarding First Step Act time credits were not ripe); Cohen v. United States, 2021 WL 1549917, at *3 (S.D. N.Y. Apr. 20, 2021) (claims challenging calculation of earned time credits under the First Step Act was not ripe); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021) ("The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not required to do so"; thus, the petitioner did not have standing to demand that the BOP apply her time credits as she calculated)); Fair v. Thompson, 2022 WL 183429 (E.D. Cal. Jan. 20, 2022) (challenges to certain BOP policies regarding the First Step Act and the BOP's application of the Act dismissed as unripe).

The undersigned agrees with the reasoning of the courts cited above and finds that at the time petitioner filed this action on August 27, 2021, or amended the petition on October 25, 2021, his claims were not ripe. Also, because the BOP was not required to complete the phase-in until January 15, 2022, it does not appear that petitioner could have exhausted a claim challenging the application of time credits until after such date.

Section 2241 does not contain an exhaustion requirement, and thus, exhaustion is not a jurisdictional prerequisite. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995). However, for prudential reasons, federal courts require Section 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); see also Singh v. Napolitano, 649 F.3d 899, 902 (9th Cir. 2011) ("The prudential exhaustion doctrine is well established.") Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. Martinez v. Roberts, 804 F.2d 570, 571 (9th

Cir. 1986) (per curiam).

Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention.  See, e.g., Ward, 678 F.3d at 1045; Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); see also Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 542 n.3 (9th Cir. 2004).  Although "courts have discretion to waive the exhaustion requirement when prudentially required, this discretion is not unfettered."  Laing, 370 F.3d at 998; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the '(a)pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' it is not lightly to be disregarded.") (citation omitted).  A "key consideration" in exercising such discretion is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'"  Laing, 370 F.3d at 1000 (citation omitted).

In his motion, petitioner does not address the issue of exhaustion and acknowledges that he omitted such claim from his original and amended petitions, suggesting that he likely had not exhausted any claims under The First Step Act prior to bringing this action.  Thus, the court exercises its discretion and declines to waive the exhaustion requirement under these circumstances.  Petitioner's motion to amend is denied.  Petitioner may raise his putative claims under The First Step Act in a new action once he has exhausted administrative remedies available by the BOP.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 11) is granted;

2. Petitioner's motion to strike (ECF No. 20) is denied;

3. Petitioner's motion to amend (ECF No. 19) is denied; and

4. The § 2241 petition is dismissed without prejudice, and the Clerk of the Court shall enter judgment.

Dated:  April 27, 2022

/marq1540.mtd.2241.cons

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE