UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIANO MARQUEZ-HUAZO, | No. 2:21-cv-1540 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding pro se. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On May 23, 2022, petitioner filed a document entitled "Appeal to District Court Judge and Request for Certificate of Appealability and Permission to File Successive § 2255 Motion." (ECF No. 27.)

As discussed below, petitioner's motion is denied.

Background

On September 9, 2021, petitioner filed a Consent/Decline of U.S. Magistrate Judge Jurisdiction form, signing the section entitled "Consent to Jurisdiction of a United States Magistrate Judge," dating the section 9-6-21, and printing his name beneath his signature. (ECF No. 4 at 1.) The accompanying certificate of service was also signed and dated by plaintiff. (ECF No. 4 at 2.)

////

1        On March 25, 2022, the undersigned recommended that respondent's motion to dismiss be granted.  (ECF No. 17.)  On April 18, 2022, petitioner filed objections.  (ECF No. 18.)

         On April 22, 2022, respondent filed a consent to the jurisdiction of a magistrate judge. (ECF No. 21.)  On April 26, 2022, the previously-assigned district judge issued a consent order assigning the case to the undersigned.  (ECF No. 22.)

         On April 27, 2022, the undersigned reviewed petitioner's objections, incorporated the findings and recommendations by reference, and granted respondent's motion to dismiss.  (ECF No. 23.)  Judgment was entered the same day.  (ECF No. 24.)

         On May 4, 2022, petitioner filed a response to the order of reassignment, objecting that he had not consented to the jurisdiction of a magistrate judge.  (ECF No. 25.)  On May 12, 2022, the undersigned overruled petitioner's objection, and provided petitioner with a copy of his signed consent form.

         On May 23, 2022, petitioner filed the instant motion.  (ECF No. 27.)  Meanwhile, on May 24, 2022, petitioner filed directly with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") a notice of appeal of this court's April 27, 2022 order denying his application for a writ of habeas corpus under 28 U.S.C. § 2241.  Marquez-Huazo v. Warden, FCI Herlong, No. 22-15787 (9th Cir.).

Discussion

         First, it appears petitioner seeks to appeal, to the previously-assigned district judge, the May 12, 2022 order, specifically referencing ECF No. 26.  (ECF No. 27.)  However, a section 636(c)(1) referral "gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review."  Roell v. Withrow, 538 U.S. 580, 585 (2003).  As to appeals, section 636(c)(3) authorizes appeals from a magistrate judge's order to the court of appeals.  Anderson v. Woodcreek Venture, Ltd., 351 F.3d 911, 913-14 (9th Cir. 2003); Ashker v. Newsom, 968 F.3d 975, 981 (9th Cir. 2020).  Because this case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c), petitioner may not seek reconsideration by (or appeal to) the previously-assigned district judge.  Rather, petitioner must appeal to the Ninth

////

Circuit. Therefore, the Clerk of the Court is directed to process petitioner's notice of appeal (ECF No. 27) to the Ninth Circuit.

Second, a certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008). Therefore, petitioner's motion for a certificate of appealability is denied as unnecessary.

Finally, if petitioner seeks permission to file a successive § 2255 motion, he must move in the Ninth Circuit for an order authorizing the appropriate district court to consider the application. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).

Therefore, for all of the above reasons, petitioner's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall process petitioner's notice of appeal (ECF No. 27) of the May 12, 2022 order (ECF No. 26) to the Ninth Circuit; and

2. Petitioner's May 23, 2022 motion for certificate of appealability (ECF No. 27) is denied.

Dated: June 17, 2022

/marq1540.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE